**Song–Hui ZHENG, Petitioner,**

v.

**Alberto GONZALES,\* Respondent.**

**Docket No. 03–40651–AG.**

United States Court of Appeals,
Second Circuit.

Sept. 16, 2005.

Karen Jaffe, New York, NY, for Petitioner.

Mark Steger Smith, Assistant United States Attorney (William M. Mercer, United States Attorney, District of Montana, on the brief), Billings, MT, for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the petition for review is **DENIED.**

Petitioner Song–Hui Zheng seeks review of the September 17, 2003, decision of the Board of Immigration Appeals ("BIA") af-

---

\* Pursuant to Fed. R.App. Proc. 43(c)(2), current Attorney General Alberto Gonzales is substituted for his predecessor, John Ashcroft.

firming the January 15, 2002, decision by an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). This court has jurisdiction under 8 U.S.C. § 1252. We assume familiarity with the facts and proceedings below.

The BIA affirmed the IJ's finding that Zheng had not testified credibly about having suffered past persecution. In particular, the BIA pointed out that Zheng testified before the IJ that during a period when she claimed to have been in hiding from the government, she personally picked up her resident ID card from government officials. JA 2, 89. In light of this evidence and the record as a whole, we will not upset the BIA's and the IJ's adverse credibility finding. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) ("[O]ur review is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice.").

Because Zheng established neither past persecution nor a fear of future persecution, she is not eligible for asylum. *See* 8 U.S.C. § 1101(a)(42); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 148 (2d Cir.2003). She is therefore also not eligible for withholding of removal. *See Jin Shui Qiu*, 329 F.3d at 148. Finally, because Zheng does not renew her CAT claim on appeal, we need not consider it.

Having carefully considered all of Zheng's other arguments, we find them to be meritless. For the foregoing reasons, the petition for review is **DENIED.**